IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **RICKY O. ENGLISH,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CIVIL ACTION No. 03-00729-WS-B |
| | * | |
| **JO ANNE B. BARNHART,** | * | |
| **Commissioner of Social Security,** | * | |
| | * | |
| Defendant. | * | |

## AMENDED[1] REPORT AND RECOMMENDATION

This action is before the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 54(d)(2)(D) of the Federal Rules of Civil Procedure on Petitioner's Authorization of Attorney Fees (Doc. 24) and Defendant's Response thereto (Doc. 26). Upon consideration of all pertinent materials contained in this file, it is recommended that the Petition for Authorization of Attorney Fees (Doc. 24) be **GRANTED.**

**I.   Findings Of Fact**

1.   Plaintiff's claims for disability were denied initially and upon reconsideration, and on July 26, 2002, Administrative Law Judge Alan E. Michel entered a decision unfavorable to Plaintiff, wherein he found that Plaintiff was not entitled to a period of disability, disability insurance benefits or supplemental social security income benefits. (Doc. 24).

---

[1] The Report and Recommendation is amended to reflect that $5,193.62, as opposed to $10,493.63, is the correct amount being requested by Mr. Lassiter for his representation of Plaintiff before ths Court. According to Mr. Lassiter, the $5,300.00 administrative fee has already been awarded.

2.      On September 11, 2002, Plaintiff retained Byron A. Lassiter, attorney at law, to represent him before the Social Security Administration regarding his claim for a period of disability, disability insurance benefits and supplemental security income benefits. (Id.) At the time, Plaintiff entered into a contingency fee agreement with Lassiter, which provided that Plaintiff agreed to pay an attorney's fee equal to twenty-five percent (25%) of any accumulated past-due benefits paid to him in the event of successful prosecution of his claim. (Id. at Ex. F).

3.      On September 11, 2002, Lassiter, on behalf of Plaintiff, timely requested review of ALJ Michel's decision by the Appeals Council. (Id.) Said request was denied on September 17, 2003; thus, the hearing decision became final. (Id.)

4.      On October 30, 2003, Plaintiff filed this action seeking judicial review of a final decision of the Commissioner of Social Security denying his claim for period of disability, disability insurance benefits and supplemental social security income benefits under Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 401 et seq and 1383 et seq. (Doc. 1).

5.      On March 2, 2004, Plaintiff filed his proposed report and recommendation (Doc. 11) and on May 17, 2004 Defendant filed a motion to remand (Doc. 14).

6.      This action was then referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). On May 18, 2004, the undersigned recommended that the portion of the Commissioner's decision denying benefits be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings. (Doc. 15). Defendant filed no objections to the undersigned's report and recommendation.

7.      On June 24, 2004, United States District Judge William H. Steele adopted the report and recommendation and entered a Rule 58 judgment, reversing and remanding this cause to the

Commissioner of Social Security pursuant to 42 U.S.C. § 405(g), thereby making Plaintiff a prevailing party under the Equal Access To Justice Act ("EAJA"), 28 U.S.C. § 2412. (Docs. 16-17).

8. On December 18, 2004, Plaintiff's claims were remanded by the Appeals Council to the Office of Hearings and Appeals for further proceedings. (Doc. 24). On October 6, 2005, ALJ Michel held a supplemental hearing concerning Plaintiff's claims. (Id.) Subsequently, ALJ Michel issued a fully favorable decision on December 5, 2005, in which he found that Plaintiff has been disabled since July 27, 2002 and is entitled to benefits under Titles II and XVI of the Act. (Id.)

9. Regarding Plaintiff's Title II claim, Lassiter received a copy of Plaintiff's Notice of Award, dated January 8, 2006, which states that the total amount of his past-due benefits is $23,000.50, for January 2003 through December 2005. (Id. at Ex. B). The Notice of Award states that $5,300.00 was withheld for payment of attorney fees even though the amount of $5,750.12 constitutes 25% of his past-due Title II benefits. (Id.)

10. Regarding Plaintiff's Title XVI claim, Lassiter received a copy of Plaintiff's Notice of Award, dated January 12, 2006, which states that the total amount of his past-due benefits is $15,052.02, for September 2002 through January 2006. (Id. at Ex. C). The amount of $3,763.00 constitutes 25% of his past-due Title XVI benefits. (Doc. 24 at Ex. C).

11. Lassiter also received a copy of a Notice of Award, dated January 13, 2006, concerning child's benefits awarded to Plaintiff's son Orlando Jones, which states that the amount of $490.25 was withheld for payment of an authorized attorney's fee (25% of his past-due benefits) such that the amount of his past-due benefits is approximately $1,961.00. (Id. at Ex. D).

12. Lassiter also received a copy of a Notice of Award, dated January 13, 2006, concerning child's benefits awarded to Plaintiff's daughter Iesha Jones, which states that the amount

of $490.25 was withheld for payment of an authorized attorney's fee (25% of her past-due benefits) such that the amount of her past-due benefits is approximately $1,961.00.  (Id. at Ex. E).

13. Accordingly, Lassiter requests that the amount of $5,193.62 be approved as an attorney's fee for legal services rendered to Plaintiff before this Court, which is also consistent with the agreement reached between Lassiter and Plaintiff.  (Doc. 24).  According to Lassiter, the administrative attorney fee in the amount of $5,300.00 (which has already been awarded), when added to the amount of $5,193.62 requested in his Petition, totals $10,493.62 – an amount which approximately equals twenty-five percent (25%) of the combined past-due Titles II and XVI benefits of Plaintiff and his children ($23,000.50 plus $15,052.02, plus $1,961.00, plus $1,961.00 = $41,974.52, and $41,974.52 X 25% = $10,493.62).  (Id.)

14. Lassiter has submitted an itemized statement delineating 11.60 hours spent representing Plaintiff before this Court, as well as sufficiently detailed his representation efforts.  (Id. at Ex. A).  As a result of Lassiter's work in federal court, Plaintiff was awarded the substantial amount of $23,000.50 in retroactive Title II benefits and $15,052.02 in retroactive Title XVI benefits, as well as future benefits for so long as he remains disabled; and his two children were also awarded $1,961.00 each in retroactive benefits, as well as future benefits.  (Doc. 24).  This totals a combined amount of $41,974.52 in retroactive benefits.  (Id.)

15. As noted supra, Lassiter represented Plaintiff on a contingency fee basis.  (Id. at Ex. F).  Lassiter's customary fee for representing a claimant before this Court is twenty-five percent (25%) of the accumulated retroactive benefits awarded to Plaintiff in the event of the successful prosecution of the claim.  (Id.)  The amount requested, $5,193.62, when added to the administrative attorney fee already awarded, represents not more than twenty-five percent (25%) of Plaintiff and

Plaintiff's children's past due benefits.  (Id.)

16.     On July 7, 2006, Defendant filed its response to Lassiter's authorization for contingency fees, stating that it would not file any objection to award request.  (Doc. 26).

## II.     Conclusions Of Law

### A.     Governing Law

Section 206(b) of the Social Security Act, codified at 42 U.S.C. § 406(b), provides that when a court renders a favorable judgment to a Social Security claimant "[w]ho was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]"  42 U.S.C. § 406(b)(1)(A).[2]  Section 406(b) "does not invalidate all contingent fee arrangements--it merely sets their upper limit--and because such arrangements effectuate congress's objective of securing adequate representation for social security claimants, a requested fee based on a contingent fee arrangement should be enforced unless the court finds it to be unreasonable."  Wells v. Sullivan, 907 F.2d 367, 370 (2d Cir. 1990).

The Eleventh Circuit previously applied the "lodestar method," under which the number of hours reasonably devoted to the action was multiplied by a reasonable hourly fee, to be the starting point and centerpiece for the courts in calculating reasonable Section 406(b) fees.  The existence of a contingent-fee agreement was just one of a number of factors to be considered in adjusting the lodestar amount upward or downward.  Kay v. Apfel, 176 F.3d 1322, 1324-1327 (11th Cir. 1999),

---

[2]"When a claimant receives a favorable administrative decision following a remand of a case by the district court to the Secretary, the district court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1)."  Rohrich v. Bowen, 796 F.2d 1030, 1031 (8th Cir. 1986) (citations omitted).

5

abrogated by Gisbrecht v. Barnhart, 535 U.S. 789 (2002). In Gisbrecht, the Court held that Section 406(b) "does not displace contingent-fee agreements within the statutory ceiling; instead [the section] instructs courts to review for reasonableness fees yielded by those agreements." Gisbrecht, 535 U.S. at 809. Gisbrecht specifically rejected the lodestar method of determining fees, stating that it is "unlikely that Congress, legislating in 1965, and providing for a contingent fee tied to a 25 percent of past-due benefits boundary, intended to install a lodestar method courts did not develop until some years later." Id. at 805-806. The Court then stated as follows:

> . . . . Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. [] Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. § 406(b)(1)(A) (1994 ed., Supp. V). [] Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered . . . .

Id. at 807 (footnotes omitted).

In Gisbrecht, the Court did not specifically delineate the factors that district courts should consider when determining the reasonableness of the contingency fee arrangement, but did cite, with approval, an approach used to evaluate reasonableness by several circuits:

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved . . . . If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court . . . . If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order . . . . In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases . . . . Judges of our district courts are accustomed

6

> to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review.

Gisbrecht, 535 U.S. at 808 (citations omitted). From this, it appears that the Supreme Court intends that the lower courts give great deference to the contingency fee arrangement, and uphold such arrangements unless the fees produced by them are found to be unreasonable. A contingent fee arrangement is unreasonable where the contingency percentage is over the 25 percent cap, where there is evidence of fraud or overreaching in making the agreement, or where the requested amount is so large as to be a windfall to the attorney. Wells, 907 F.2d at 372. Factors that may be considered in reviewing for reasonableness include: 1) the character of representation; 2) the result achieved by the attorney; 3) any delay caused by the attorney; 4) the amount of benefits relative to the time spent on the action such that the attorney receives a windfall; 5) fraud or overreaching in making the agreement; and 6) the requested fee does not exceed 25 percent of past-due benefits. Gisbrecht, 583 U.S. at 808-809.

      **B.**    **Discussion**

Lassiter has presented an itemized statement showing that 11.60 hours were spent on this case pursuing Plaintiff's claim in federal court, and requests an award of $5,193.62, which represents the balance remaining of twenty-five percent (25%) of back benefits in the amount of $41,974.52 awarded to Plaintiff and his children. (Doc. 24). A review of the Petition for Authorization for Attorney's Fees, supporting documentation, and the file, all reflect that Lassiter has represented Plaintiff since September 11, 2002, and has been successful in obtaining past due benefits for both he and his children. (Id.) While the record is devoid of any evidence or argument that this case involved any novel or difficult questions of law or fact, Lassiter presented sufficient

evidence to convince the Court that the agency's unfavorable decision should be remanded for further proceedings, and on remand, obtained a fully favorable decision on Plaintiff's behalf following a hearing before the ALJ. Additionally, according to Lassiter, he has successfully prosecuted numerous cases on behalf of Social Security claimants, and his experience increased the likelihood of a favorable outcome for Plaintiff. (Doc. 24 at 6-7). Moreover, the Commissioner does not object to the amount requested. (Doc. 26). Further, the undersigned finds that the total fee requested does not exceed twenty-five percent (25%) of the past-due benefits and comports with Plaintiff's contingent fee agreement with Lassiter. Therefore, upon consideration of the foregoing, the undersigned finds that the requested fee of $5,193.62, is not so large as to be a windfall, and is reasonable for the services rendered.

### III.     Conclusion

Accordingly, the undersigned recommends authorization of attorney's fees, to Lassiter, in the amount of **$5,193.62,** as a reasonable fee for services rendered before this Court. The undersigned further recommends entry of an Order directing Lassiter to disburse to Plaintiff the sum of **$1,450.00,** which was previously awarded pursuant to the EAJA.[3]

---

[3]When an attorney obtains a fee award under the EAJA, and subsequently obtains a fee award under the Social Security Act, the attorney must return the smaller of the two to the plaintiff. See Section 206 of Pub. L. No. 96-481, as amended by Pub. L. No. 99-80, § 3, Aug. 5, 1985, 99 Stat. 186, which states as follows:

> (b) Section 206(b) of the Social Security Act [42 U.S.C. § 406(b)] . . . shall not prevent an award of fees and other expenses under section 2412(d) of title 28, United States Code. Section 206(b) of the Social Security Act shall not apply with respect to any such award but only if, where the claimant's attorney receives fees for the same work under both section 206(b) of that Act and section 2412(d) of title 28, United States Code, the claimant's attorney refunds to the claimant the amount of the smaller fee.

The attached sheet contains important information regarding objections to this <u>Amended Report and Recommendation</u>.

**DONE** this **11th** day of **July, 2006**.

            <u>  /s/ SONJA F. BIVINS          </u>
            **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.      **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(c); and Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  See Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

      /s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**